# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANNA CHAN, | No. CV 11-20 AGR |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security | |
| Defendant. | |

Plaintiff Vanna Chan filed this action on January 6, 2011. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on February 25 and March 10, 2011. (Dkt. Nos. 8, 9.) On March 6, 2012, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

# PROCEDURAL BACKGROUND

On October 31, 2008, Chan filed an application for supplemental security income, alleging an onset date of October 15, 2007. Administrative Record ("AR") 44, 131-37. The application was denied initially and upon reconsideration. AR 39-40. Chan requested a hearing before an Administrative Law Judge ("ALJ"). AR 82. On January 27, 2010, the ALJ conducted a hearing at which Chan and a vocational expert testified.[1] AR 10-28. On February 11, 2010, the ALJ issued a decision denying benefits. AR 41-53. On September 1, 2010, the Appeals Council denied the request for review. AR 5-8. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (*per curiam*); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

---

[1] A hearing on October 23, 2009 was continued so Chan could find representation. AR 29-38.

# III.

# DISCUSSION

## A.  Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B.  The ALJ's Findings

The ALJ found that Chan has the severe impairments of diabetes mellitus with nephropathy, degenerative joint disease, asthma, hypertension, depression, anxiety, and a personality disorder. AR 46. She has the residual functional capacity to perform medium work, "except that she is limited to simple, routine, repetitive work and she can only occasionally have contact with co-workers, supervisors, or the public." AR 49. She is unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that she can perform, such as laundry worker, hand packager and machine feeder. AR 51-53.

## C.  Examining Psychiatrist

Chan's sole contention is that the ALJ erred because he gave "some weight" to the opinion of Dr. Yang, a consultative examining psychiatrist, who was apparently later removed by the Social Security Administration as an approved provider of Social Security examinations.[2]

---

[2] Chan represents that Dr. Yang was terminated as an approved examiner because of misconduct. Dr. Yang's medical reports "included duplicate or identical mental status examinations for multiple claimants," and he was found "to violate interval guidelines," and "to have been rude and inconsiderate to examinees." JS at 5.

1    The ALJ, however, actually gave "great weight" to the opinion of Dr. Colonna, an
2 psychologist who examined Chan on November 24, 2009.  AR 51, 361.  Dr. Colonna
3 noted possible malingering and observed that Chan put forth "extremely poor effort
4 toward psychometric testing", which did "not appear to be an authentic presentation."
5 AR 361, 365; see AR 50.  The test results were invalid due to poor effort.  AR 50, 365.
6 Dr. Colonna observed no psychotic indicators, no bizarreness or confusion, and no
7 delusions or hallucinations.  AR 51, 364.  Dr. Colonna concluded that Chan has a
8 moderate inability to understand, remember and carry out detailed instructions, and a
9 moderate inability to interact appropriately with supervisors, co-workers and peers.[3]  AR
10 51, 366.  The ALJ adopted Dr. Colonna's limitations.  AR 49, 51.  Consistent with Dr.
11 Colonna's opinion, the ALJ limited Chan to simple, routine, repetitive work, and
12 occasional contact with co-workers, supervisors, and the public.  AR 49.

13   By contrast, the ALJ rejected Dr. Yang's conclusion that Chan had no mental
14 limitations, "as the record tends to indicate that the claimant has some mental
15 limitations that would affect her ability to work."  AR 51, 306.  Accordingly, the ALJ gave
16 Dr. Yang's opinion "less weight."  AR 51.  Dr. Yang had found no evidence of cognitive
17 deficits, perceptual disturbances, or delusional disorders.  AR 306.  Chan could
18 adequately focus attention, follow one and two-step instructions, adequately remember
19 and complete simple and complex tasks, tolerate stress inherent in the work
20 environment, maintain regular attendance, work without supervision, and interact
21 appropriately with supervisors, co-workers, and the public.  Id.

22   Assuming without deciding that the ALJ erred in considering Dr. Yang's opinion at
23 all, any error was harmless.  McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011)
24 (describing harmless error standard).  "Reversal on account of error is not automatic,

---

[3] Dr. Colonna assessed a Global Assessment of Functioning (GAF) score of 51 to 60, which indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning.  AR 365; American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders 34 (Text Revision) (4th ed. 2000) ("DSM-IV-TR").

but requires a determination of prejudice. Determination of prejudice requires 'case-specific application of judgment, based upon examination of the record,' not 'mandatory presumptions and rigid rules.' The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights." *Ludwig v. Astrue*, 2012 U.S. App. LEXIS 11072, at *16-*17 (9th Cir. June 1, 2012) (footnotes omitted); *McLeod*, 640 F.3d at 887. "Mere probability is not enough. But where the circumstances of the case show a substantial likelihood of prejudice, remand is appropriate so that the agency 'can decide whether reconsideration is necessary.' By contrast, where harmlessness is clear and not a 'borderline question,' remand for reconsideration is not appropriate." *Id.* at 888 (footnotes omitted).

There is no showing of prejudice on this record. As discussed above, the ALJ gave great weight to Dr. Colonna's opinion and adopted her limitations. The ALJ rejected Dr. Yang's conclusion that Chan had no mental limitations. AR 51. The portions of Dr. Yang's opinion cited by the ALJ were cumulative of Dr. Colonna's opinion. AR 51. Chan cannot demonstrate that the decision would have been any different without Dr. Yang's opinion. *See Ludwig*, 2012 U.S. App. LEXIS 11072, at *19.

## IV.

## **CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: June 20, 2012  _____
ALICIA G. ROSENBERG
United States Magistrate Judge